1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., ) | 1:09-cv-00796 LJO GSA |
| ) | |
| Plaintiff, ) | **ORDER REGARDING PLAINTIFF'S** |
| ) | **_EX PARTE_ APPLICATION** |
| v. ) | |
| ) | (Document 18) |
| STERLING ZEPHRON McELROY, ) | |
| individually and d/b/a SMOKEHOUSE ) | |
| RESTAURANT & BAR a/k/a Sterlings, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

18
19
20
21
22
23

On November 12, 2010, Plaintiff J & J Sports Productions, Inc., filed an _Ex Parte_ Application to Vacate Settlement Conference or to Permit Telephonic Appearance.  More particularly, Plaintiff asks this court to vacate the settlement conference scheduled for November 18, 2010, or, alternatively, to permit Plaintiff's counsel and Plaintiff's authorized representative to appear by telephone.  (Doc. 18.)

24
25
26

This Court will permit Plaintiff's counsel and authorized representative to appear telephonically at the November 18, 2010, settlement conference; however, the Court will not vacate the settlement conference itself.

27
28

1

The Court notes this action was filed on May 9, 2009.  (Doc. 1.)  On June 15, 2009, Defendant Sterling Zephron McElroy filed an answer to the complaint.  (Doc. 6.)  On August 26, 2009, this Court conducted an initial scheduling conference in this matter and issued its scheduling order that same date.  (Docs. 13-14.)

Originally the settlement conference in this matter was set for October 20, 2010.  (Doc. 14 at 3, ¶ 7.)  At Plaintiff's request, as the result of a number of conflicting appearances and the authorized representative's unavailability (*see* Doc. 16), on October 18, 2010, this Court continued the settlement conference to November 18, 2010.  All parties were served with the Court's order that same date.

In its most recent *ex parte* application, Plaintiff sought to vacate the settlement conference set for this Thursday because its authorized representative is returning to his office late November 17, 2010, and must also attend business meetings in Oklahoma on November 19, 2010, which will require early morning travel, coupled with other existing obligations on November 18, 2010.  Additionally, Plaintiff's counsel believed there was "very little likelihood that the instant matter" would resolve because Defendant had not "return[ed] a single phone call left for him" by either Mr. Riley or his associate, nor had Defendant submitted a Settlement Conference Statement as required.  (Doc. 18 at 1-2.)  Alternatively, Plaintiff asserted a telephonic appearance would permit Plaintiff's representative Joseph M. Gagliardi and Plaintiff's counsel Thomas P. Riley to participate in the settlement conference without incurring additional expenses.  (Doc. 18 at 5.)

The Court is concerned with the status of this matter.  The vast majority of disclosure and discovery deadlines have passed and the pre trial conference in this matter is scheduled for December 2, 2010, before District Judge Lawrence J. O'Neill.  A bench trial is scheduled to occur before Judge O'Neill on January 18, 2011.  (Doc. 14.)

The parties are be expected to appear at the settlement conference of November 18, 2010, at 10:30 a.m. before the undersigned.  Plaintiff and his representative shall appear telephonically

1    and Defendant is expected to appear in person.  All parties shall be prepared to participate in

2    settlement discussions.  Should any party fail to appear on November 18, 2010, an order to show

3    cause shall issue forthwith and sanctions may be imposed.  Defendant is specifically advised that

4    any failure to appear may result in a sanction striking his answer to Plaintiff's complaint.

5

6

7        IT IS SO ORDERED.

8    **Dated:**   **November 15, 2010**              **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                          3